**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.W., D.W., J.W-1., H.W.-1, and H.W.-2

**No. 15-0917** (Jackson County 11-JA-37, 11-JA-38, 11-JA-39, 11-JA-40, and 11-JA-41)

# MEMORANDUM DECISION

Petitioner Mother J.W., by counsel Ryan M. Ruth, appeals the Circuit Court of Jackson County's August 25, 2015, order terminating her parental rights to A.W., D.W., J.W-1., H.W.-1, and H.W.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights because it failed to employ less restrictive alternatives.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner failed to provide necessary food, shelter, clothing, supervision, medical care, and education to her children. According to the petition, petitioner did not know the exact location of two of her children and the other three children were living with relatives and petitioner had no way to contact her children. The DHHR further alleged that petitioner had no home, regularly abused drugs, engaged in criminal activity, and exposed her children to domestic violence. The DHHR also alleged that petitioner left the children in the care of their father, who severely abused the children and was criminally convicted of child abuse in the State of North Carolina. Upon the

---

[1]Because two of the children at issue in this appeal share the same initials, the Court will refer to the children as H.W.-1 and H.W.-2. Because petitioner and one of the children share the same initials, the Court will refer to the child as J.W.-1 and to petitioner as J.W. throughout the memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

filing of the petition, the circuit court ordered the children's removal from petitioner's custody and the children be placed in the DHHR's custody.

In April of 2015, the circuit court held a preliminary hearing wherein petitioner testified that she did not know the location of her three oldest children and claimed that A.W. and J.W.-1 had run away on the day of the hearing. A sheriff's deputy was sent to the home where petitioner was temporarily living and found J.W.-1 hiding in one of the bedrooms. As a result, petitioner was charged with felony concealment of a child. In April of 2015, the circuit court held an adjudicatory hearing wherein petitioner appeared to be testifying while under the influence of drugs. Petitioner denied using drugs, and the circuit court postponed the adjudicatory hearing. Immediately following the hearing, petitioner tested positive for methamphetamine, amphetamines, and marijuana.

In May of 2015, the circuit court held a second adjudicatory hearing wherein petitioner admitted to exposing her children to domestic violence, frequently moving the children because she was homeless, and leaving them in the care of their father. At the close of the evidence, the circuit court found that petitioner failed to provide her children with appropriate support, supervision, and care. The circuit court also found that petitioner's drug abuse impaired her ability to care for her children. The circuit court adjudicated petitioner an abusing parent by order dated June 3, 2015. Following the adjudication, petitioner tested positive for marijuana, hydrocodone, and hydromorphone.

In June of 2015, petitioner filed a motion requesting a post-adjudicatory improvement period. At the hearing to address the motion, the circuit court noted that petitioner underwent a psychological evaluation that resulted in a diagnosis of borderline personality disorder. The circuit court also noted that petitioner was currently in a relationship with a man who was listed on the West Virginia Central Abuse Registry. Petitioner testified that she was a "good parent," she continued to use drugs regularly, and she denied suffering from any parenting deficiencies or substance abuse problems. At the close of the hearing, the circuit court determined that petitioner was dishonest with the circuit court and the DHHR, and her testimony was not credible. The circuit court found that petitioner did not accept responsibility for the abuse of her children. It also found that petitioner's "failure to acknowledge the existence of problems makes the problems untreatable and an improvement period would be an exercise in futility." Based upon these findings, the circuit court denied petitioner's motion.

In August of 2015, the circuit court held a dispositional hearing. Prior to the hearing, the DHHR filed a motion to terminate petitioner's parental rights. Petitioner did not appear for the hearing in person but was represented by counsel. A DHHR caseworker testified that there were numerous issues affecting petitioner's parenting ability and petitioner refused to accept responsibility for her actions that led to the petition's filing. At the close of evidence, the circuit court found that petitioner repeatedly abused and neglected her children, and abused drugs to such an extent that it impaired her ability to parent. The circuit court also found that petitioner was not willing or able to correct the conditions of abuse and neglect and she failed to acknowledge her substance abuse. The circuit court further found that petitioner "acted as a barrier" to the DHHR taking physical custody of three of the children. Based upon its findings, the circuit court determined that there was no reasonable likelihood that the conditions of abuse

and neglect could be substantially corrected in the near future and termination of petitioner's parental rights was in the children's best interests. The circuit court terminated petitioner's parental rights by order dated August 25, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating her parental rights because it failed to employ less restrictive alternatives. Specifically, petitioner claims that because the children are older, they would not be "seriously threatened" by appointing the maternal grandparents or other suitable persons as guardians.

While we agree with petitioner that the termination of parental rights is the most drastic remedy in an abuse and neglect proceeding, the record is clear that there was no less restrictive disposition available in petitioner's case. Specifically, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The record in the present case demonstrates that petitioner remained an active drug user during the proceedings, concealed her children from the DHHR to prevent their removal, and failed to appear for the dispositional hearing. According to petitioner's psychological evaluation report, no services were recommended based upon petitioner's complete denial of responsibility for her actions and her substance abuse issues. The evidence on the record supports the circuit court's finding that petitioner was unwilling to correct the conditions of abuse and neglect, participate in services, or acknowledge her own substance abuse issues. The circuit court also

found termination was in the best interests of the children based upon petitioner's unwillingness to correct the issues of abuse and neglect. Thus, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights upon its finding that that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect and that termination was in the children's best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such a finding, circuit courts are directed to terminate a parent's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 25, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II